UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov
**CHAPTER 13 PLAN (Individual Adjustment of Debts)**
☒    2nd        Amended Plan (Indicate 1ˢᵗ, 2ⁿᵈ, etc. amended, if applicable)
☐                Modified Plan (Indicate 1ˢᵗ, 2ⁿᵈ, etc. amended, if applicable)

DEBTOR: Dan Van Tran          JOINT DEBTOR:                      CASE NO.: 13-28609
Last Four Digits of SS# 5782          Last Four Digits of SS# _____

**MONTHLY PLAN PAYMENT:** Including trustee's fee of 10% and beginning 30 days from filing/conversion date, Debtor(s) to pay to the trustee for the period of   60   months. In the event the trustee does not collect the full 10%, any portion not collected will be paid to creditors pro-rata under the plan:
  A.   $ 994.98   for months    1   to   10   ;
  B.   $ 833.87   for months   11   to   60   ;
  C.   $_____ for months _____ to _____; in order to pay the following creditors:

Administrative: Attorney's Fee - $ 3,500.00   TOTAL PAID $ 3,500.00
                Balance Due $ 0.00  payable $ 0.00 /month (Months ___)
                LMM Fee $1,800.00  payable $180.00/month (Months 1-10)

Secured Creditors: [Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Liens on Real or Personal Property:

1. Deutsche Bank National Trust          AP Payment $715.48/month (Months 1-60)
   c/o Kahane & Associates                LMM Program
   8201 Peters Road, #300
   Fort Lauderdale, FL 33324
   Acc#xxxx5483

**IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED ON YOU PURSUANT TO BR 7004 and LR 3015-3.**
NONE

Priority Creditors: [as defined in 11 U.S.C. §507]
NONE

Unsecured Creditors: Pay $ 35.00        /month (Months  11  to   60  ).
Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

Other Provisions Not Included Above:
1. The Debtor will file a Verified Motion for Referral to LMM with Deutsche Bank National Trust/One West Bank, FSB. (Lender), loan number xxxx0040, for real property located at 707 East 32 Street, Hialeah, FL 33013. The parties shall timely comply with all requirements of the Order of Referral to LMM and all Administrative Orders/Local Rules regarding LMM. While the LMM is Pending and until trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, the Debtor has included a post-petition plan payment, absent Court order to the contrary, of no less than 31% of the Debtor's gross monthly income as a good faith adequate protection payment to the Lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the Lender.

Until the LMM is completed and the Final Report of Loss Mitigation Mediator is filed, any objection to the Lender's Proof of Claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the Proof of Claim only. The Debtor shall assert any and all other objections to the Proof of Claim prior to confirmation of the plan or modified Plan.

If the Debtor, co-obligor/co-borrower or other third party (if applicable) and the Lender agree to a settlement as a result of the pending LMM, the Debtor will file a motion to Approve Loss Mitigation Agreement with Lender no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the Debtor shall immediately amend or modify the plan to reflect the settlement and the Lender shall amend its Proof of Claim to reflect the settlement, as applicable.

If a settlement is reached after the plan is confirmed, the Debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its proof of claim to reflect the settlement reached after confirmation of the plan.  The parties will then timely comply with any and all requirements necessary to complete the settlement.

In the event the Debtor receives any financial benefit from the Lender as part of any agreement, the Debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly.

If the Lender and the Debtor fail to reach a settlement, then no later than 14 calendar days after the Mediator's Final Report is filed, the Debtor will amend or modify the plan to (a) conform to the Lender's Proof of Claim (if the Lender has filed a Proof of Claim) or (b) provide that the real property will be surrendered.  If the amended or modified plan provides that the real property is to be surrendered, then the obligations to the Lender will be considered "treated outside the plan" and the Lender shall have in rem relief from the automatic stay as to the real property being surrendered.  Notwithstanding the foregoing, Lender may file a motion to confirm that the automatic stay is not in effect as to the real property.

Confirmation of the plan will be without prejudice to the assertion of any rights the Lender has to address payment of its Proof of Claim.

2. To avoid litigation, the parties agree that on or before May 15 of each year the Debtor(s) shall provide to the Chapter 13 Trustee a copy of the tax return filed with the IRS that year or an affidavit that they did not earn sufficient income to file tax returns.  If the Debtor(s) income increased more than the COLA (Cost of living adjustment) for that calendar year, on or before June 15 of each year, the Debtor(s) will modify the plan to pay the additional income received above COLA to the allowed unsecured creditors – or – the Debtor(s) will a) amend schedule I and J (if under median) or amend the CMI form (if over median) b) provide the Trustee with evidence and calculation of any new or increased expenses and c) file a motion to modify the plan or a notice with a detailed statement of why the Debtor believes that modification is not necessary.  The parties further agree that the Trustee may seek an increase in payment to the unsecured creditors equivalent to the income that was not disclosed by the Debtor(s) for the prior year and that the time to file a motion to vacate confirmation under 1330(a) is extended to 90 days after the Debtor has provided the Trustee with the tax returns for the tax year in which the petition was filed

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

| /s/ Dan Van Tran | |
|---|---|
| Debtor | Joint Debtor |
| Date: 1/6/14 | Date: |

LF-31 (rev. 01/08/10)